IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 29, 2003 Session

## STATE OF TENNESSEE v. JAMES WALTER GROOMS

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 02-CR-024     James Edward Beckner, Judge**

_____

**No. E2002-02013-CCA-R3-CD**
**August 1, 2003**
_____

On March 4, 2002, the Hamblen County Grand Jury returned an indictment against the appellant, James Walter Grooms, charging him with driving with a blood alcohol concentration greater that .10% and child endangerment.   After a bench trial the appellant was found guilty as charged, and a sentence was imposed of 11 months and 29 days for each count to be served concurrently.  In addition, the trial court ordered the appellant driver's license to be suspended for one year, and he was ordered to attend DUI school.  The appellant now challenges the lawfulness of his warrantless arrest and the sufficiency of the evidence supporting his driving under the influence conviction. After a review of the record we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Ethel L. Rhodes, Assistant District Public Defender, Morristown, Tennessee, for the appellant, James Walter Grooms

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Paige Collins, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Background

On November 21, 2001, Penny Boyd and her two sons were traveling on King Street in Morristown, Tennessee.  The appellant's car was traveling on East First North.  Ms. Boyd stopped her Isuzu Rodeo at the intersection of King Avenue and East First North and waited for the traffic light to turn green.  After the light changed, Ms. Boyd attempted to cross the intersection and was

struck by the appellant's Subaru Legacy. The appellant maintains that Ms. Boyd ran the red light while talking on a cell phone and that she caused the accident.

James Cobble, an officer with the Morristown Police Department, was called to the scene. There he observed that both vehicles had sustained extensive damage. After interviewing several witnesses, Officer Cobble determined that the appellant was driving his vehicle at the time of his accident, even though he did not personally observe the appellant driving. Office Cobble also saw the appellant's wife seated in the passenger seat with her feet on the street. The appellant's four-year-old son who was also in the car at the time of the accident was injured. After speaking with the appellant a second time, Officer Cobble noticed an odor of alcohol and that the appellant's eyes had a glassy appearance. Officer cobble also noted that the defendant's speech was also slurred. The officer then administered several field sobriety tests, all of which the appellant failed. The officer then arrested the appellant and transported him to the Morristown Police Department where he administered a Breathalyzer test. The test results indicated that the appellant had a blood alcohol level of .10%.

The appellant testified that on the day of the accident he worked until noon and then left with his brother. He stated that they stopped and purchased a slice of pizza and a 22-ounce beer and then drove to their mother's house where the appellant remained until his wife arrived.

The appellant's wife, Rhonda Grooms, testified that she, not the defendant, was driving the vehicle on the day of the accident. She stated that she picked her son and husband up at her mother-in-law's house and that her son was sitting in the front seat of the vehicle and that the appellant was in the back seat on the driver's side. The appellant stated that his wife then drove to CVS to drop off a prescription. He claims that as they drove down the road, Ms. Boyd pulled out in front of them. The appellant stated that his son was injured during the accident by the lid of the airbag and that his wife was also injured by the airbag. He also testified that Ms. Boyd was talking on her cell phone at the time of the accident. Ms. Grooms testified that she tried to talk to the officer but was told by the officer that he wasn't allowed to take statements. The appellant's mother, Helen Grooms, also testified that Rhonda Grooms was driving when the family left her home.

The appellant claims that he told Officer Cobble that Ms. Boyd pulled out in front of him. He also told the officer that he had been drinking and subsequently agreed to take a field sobriety test. The appellant testified that he stood on one foot, counted backwards and then recited his ABC's from D to T. He claimed that the officer indicated that he performed the tests satisfactorily; however, he failed the finger count. The appellant then took the Breathalyzer test in which he registered .10%. The appellant claims that the reason he blew a .10 was because he burped before blowing into the machine, and Officer Cobble refused to give him another test.

<u>Warrantless Arrest</u>

The appellant argues that the warrantless arrest was improper because the offense was not committed in the officer's presence and that therefore all evidence of the appellant's guilt obtained following this allegedly illegal arrest must be suppressed.[1] The appellant failed to raise this issue in the trial court. <u>See</u> Tenn. R. Crim. P. 12(b)(3). (requiring that motion to suppress evidence be filed prior to trial.) Questions not raised in the trial court are generally not addressed on appeal. <u>See</u> <u>State v. Middlebrooks</u>, 840 S.W.2d 317, 334 (Tenn. 1992); Therefore, this issue is waived.

<u>Sufficiency of the Evidence</u>

When a appellant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" state's witnesses and resolves all conflicts in the testimony in favor of the State. <u>State v. Cazes</u>, 875 S.W.2d 253, 259 (Tenn. 1994); <u>see also</u> <u>State v. Harris</u>, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." <u>State v. Tuggle</u>, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the appellant to demonstrate the insufficiency of the convicting evidence. <u>See</u> <u>id.</u> The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. <u>See</u> Tenn. R. App. P. 13(e); <u>Harris</u>, 839 S.W.2d at 75. In making this decision, we are to accord the state "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." <u>Tuggle</u>, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence in evaluating the convicting proof. <u>See</u> <u>State v. Morgan</u>, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); <u>State v. Matthews</u>, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." <u>Matthews</u>, 805 S.W.2d at 779. Even though appellant had a bench trial, the verdict of the trial judge is entitled to the same weight on appeal as a jury verdict. <u>See</u> <u>State v. Holder</u>, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999).

The appellant was convicted of driving under the influence and child endangerment. The offense of driving under the influence is committed when an individual operates or controls a vehicle on a public thoroughfare while under the influence of an intoxicant. <u>See</u> Tenn. Code Ann. § 55-10-401. The offense of child endangerment is committed <u>inter</u> <u>alia</u> when a person violates Tennessee Code Annotated section 55-10-401 while accompanied by a child under thirteen years of age. Tenn. Code Ann. § 55-10-414(1) (1998).

---

[1] However a warrantless arrest for driving under the influence is permitted at the scene of an accident based upon probably cause established through the personal investigation of the investigating officer. <u>See</u> Tenn. Code Ann. § 40-7-106(6).

The evidence is this case is such that a rational trier of fact could reasonably conclude that the appellant was driving a vehicle while under the influence of an intoxicant and that his four-year-old son was in the car. As discussed earlier, Officer Cobble testified that the appellant's appearance and odor indicated that he had been consuming alcoholic beverages. Furthermore, he failed several field sobriety tests, one of which indicated that he had a blood alcohol level of .10%. Finally, based on this officer's and other witnesses' observations, the appellant operated his vehicle while in an intoxicated state and while his son was a passenger in the vehicle. This evidence more than sufficiently supports the defendant's two convictions. Therefore, this issue is without merit.

<u>Conclusion</u>

For the foregoing reasons, we AFFIRM the judgments of the trial court.

_____
JERRY L. SMITH, JUDGE